IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS M. LOWMAN,
        Plaintiff,
   v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,
        Defendant.

CIVIL ACTION NO. 18-1113

## ORDER

**AND NOW**, this 24th day of April 2019, upon careful and independent consideration of Plaintiff's Request for Review, the response and reply thereto, the administrative record, and the Report and Recommendation ("R&R") of United States Magistrate Judge Carol Sandra Moore Wells [Doc. No. 25], to which no objections have been filed, it is hereby **ORDERED** that:

1. The Clerk is directed to **REMOVE** the case from Civil Suspense;

2. The R&R [Doc. No. 25] is **APPROVED AND ADOPTED**;[1]

---

[1] Because no objections to the R&R were filed, the Court is not required to conduct a *de novo* review and has the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1). Nonetheless, the Court has carefully considered the administrative record and the R&R and agrees with the R&R that although the Administrative Law Judge ("ALJ") did not err when considering Plaintiff's cervical disc disease and rejecting the disability opinion of Plaintiff's treating physician, Dr. Sunoo, the ALJ erred in failing to provide adequate explanations for rejecting the medical opinions of Dr. Sunoo concerning the extent of Plaintiff's limitations.

The ALJ gave little weight to Dr. Sunoo's medical opinions regarding the limiting effects caused by Plaintiff's medical conditions, explaining that Dr. Sunoo's opinions contained "conflicting limitations." R. 104. Notably, the ALJ referred to Dr. Sunoo's opinion providing that Plaintiff could not "lift, carry push, or pull any weight, but that he could climb ladders or scaffolds, which would require lifting, carrying, pushing, or pulling some portion of his own weight." R. 104. The R&R correctly determined that the ALJ erred in finding that Plaintiff's ability to move his own weight conflicted with his inability to lift, carry, push or pull any objects with weight. Moreover, the Commission of the Social Security Administration's regulations only concern a claimant's ability to lift and carry *objects* of certain weight, and not the claimant's own weight. 20 C.F.R. 404.1568(b); *see also Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993) (internal quotation marks and citation omitted) ("[T]he ALJ cannot reject evidence for no reason or the wrong reason."). Lastly, the ALJ asserts that Dr. Sunoo's medical opinions contain "other internal inconsistencies [which] significantly undermined her opinions," without identifying those inconsistencies. R. 104. Because the Court may not conduct its own independent analysis where the ALJ fails to adequately identify alleged inconsistent findings in the treating physician's medical opinions, remand is appropriate. *Fargnoli v. Massanari*, 247 F.3d 34, 42–44 (3d Cir. 2001).

3. Plaintiff's Request for Review [Doc. No. 15] is **GRANTED**[2]; and this matter is **REMANDED** to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**

---

[2] In his Request for Review, Plaintiff also asks this Court to award him disability benefits. As the R&R appropriately noted, awarding benefits at this time would require the Court to impermissibly weigh evidence and make findings of fact. *Rutherford v. Barnhart*, 399 F.3d 456, 552 (3d Cir. 2005); *Grant v. Shalala*, 989 F.2d 1332, 1338 (3d Cir. 1993). Thus, Plaintiff's Request for Review is granted to the extent that he seeks remand.